UNITED STATES DISTRICT AND BANKRUPTCY COURTS

FOR THE DISTRICT OF COLUMBIA

FILED
NOV 16 2015
Clerk, U.S. District and
Bankruptcy Courts

AGNES XIE
45706 Winding Branch Ter.
Stering, VA 20166

VS.

Sklover & Donath, LLC
10 Rockefeller Plaza
New York, NY 10020

Sklover & Company, LLC
One Rockefeller Plaza, Suite 1428
New York, NY 10020

Cory Rosenbaum & Partners
20 W Park Ave, Suite 308
Long Beach, NY 11561

Case: 1:15-cv-02020
Assigned To : Cooper, Christopher R.
Assign. Date : 11/16/2015
Description: Pro Se General Civil

**COMPLAINT**

The plaintiff, AGNES XIE, for her complaint against the Defendants for legal malpractice.

Plaintiff DR. AGNES XIE is a resident of the State of Virginia.

Upon information and belief, defendant Sklover & Donath, LLC was a law firm maintains its principal place of business at 10 Rockefeller Plaza, New York, NY 10020.

Upon information and belief, defendant Sklover & Company, LLC is now a law firm maintains its principal place of business at One Rockefeller Plaza, Suite 1428, New York, NY 10020.



Received
Mail Room
NOV 16 2015
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Upon information and belief, defendant Cory Rosenbaum & Partners is now a law firm maintains its principal place of business at 20 W Park Ave, Suite 308, Long Beach, NY 11561.

## JURISDICTION/VENUE

The District Court of District of Columbia has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332, as parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Venue in the District Court of District of Columbia is proper pursuant to 28 U.S.C. § 1391(a) as a substantial part of the events or omissions giving rise to the claims occurred herein.

## FACTS RELEVANT TO ALL CLAIMS

On or about July 21 2011, plaintiff entered a legal service contract with the Sklover & Donath, LLC and retained defendants for her representation in the legal affairs pertaining to the claim against Fannie Mae which included the administrative exhaustion (EEOC) and the subsequent filing of arbitration charges or judicial suit. Alan Sklover and Sheree Donath, who at that time were the owners of the Sklover & Donath, LLC, signed the service contract and both of them were responsible for plaintiff's legal issues. In the end of 2013, Sheree Donath left the Sklover & Donath, LLC and started to work as a member for Cory Rosenbaum & Partners. Around the same time, Alan Sklover changed its firm's name from Sklover & Donath, LLC to Sklover & Company, LLC.

In the "statement of client's rights" of the said agreement, defendants promised plaintiff that she is entitled to an attorney capable of handling her legal matter with highest standards of legal profession. Under the same statement, plaintiff is also entitled to have her questions and

concerns addressed in a prompt manner and to be kept informed as to the status of the legal matter.

However, in November 2013, defendants failed to notify plaintiff the legal consequences of the right-to-sue letter sent by EEOC after defendants received the letter. In addition, defendants also ignored plaintiff's request to make appointments to talk about the issue. Thus, it was not surprised that defendants also failed to file a timely arbitration charge or judicial suit after he received the right-to-sue letter within 90 days on plaintiff's behalf as her representative council on record.

Afterwards, plaintiff tried to reach defendants requesting for recommendations for several times but never succeeded. To that date, plaintiff was still uncertain as to when or if defendants had claimed in this charge is still acting on her representation. Also, plaintiff has never received a letter or communication stating that defendants excuse themselves of representation or that such representation has ended.

In April of 2014, plaintiff suddenly received an Email from defendants saying defendants already saw no sense in pursuing the case since the statutes of limitations had run out.

LEGAL MALPRACTICE

Plaintiff repeats and realleges each and every allegation hereinabove set forth with the same force as if more fully hereinafter set forth.

Defendants failed to exercise the reasonable skill and knowledge commonly possessed by a member of the legal profession. As a result, Defendants committed legal malpractice through the following acts:

a. Failed to notify plaintiff the legal consequence to do or not to do after client received an administrative decision;
b. Failed to timely file the arbitration charge or judicial suits on behalf of plaintiff;
c. Failed to timely provide legal opinions to plaintiff;

Plaintiff would have succeed on the merits of the underlying action and recovered monies for all her injuries, including those related to lost income, loss of compensation and unreimbursed medical expenses, but for Defendant's negligence.

As a result of Defendants' legal malpractice, plaintiff has been damaged in an amount to be determined at trial, but which is believed will be in an amount of $250,000 - $600,000.

WHEREFORE, PLAINTIFF DR. AGNES XIE demands judgment against Defendants, as follows:

(a) On the count of legal malpractice against Defendant in the sum of $250,000 - $600,000, or such other amount as may be determined upon the trial of this action; and
(b) Punitive damages; and
(c) Attorney's fee plus costs of this action plus interest accruing from the date of judgement; and
(d) The costs and disbursements of this action, together with such other relief as this Court deems just and proper.

Date: 11/12/2015

AGNES XIE
45706 Winding Branch Ter.
Stering, VA 20166
Tel: (703)421-4524
Email: agnes2016law@gmail.com