UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AGNES XIE,

    Plaintiff

v.

SKLOVER & COMPANY, LLC, *et al.,*

    Defendants

Case No.: 1:15-cv-02020 (CCR)

## DEFENDANT SHEREE DONATH'S ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT WITH CROSS-CLAIMS AGAINST ALAN SKLOVER AND SKLOVER & COMPANY, LLC

The Defendant, SHEREE DONATH ("Defendant Donath"), submits this Answer to the Fourth Amended Complaint with Cross-Claims against Defendant Alan Sklover and Defendant Sklover & Company, LLC (collectively referred to herein as "Sklover") by generally denying all the allegations in the Fourth Amended Complaint, except as may be specifically admitted or denied below, referring to the paragraphed numbers in Plaintiff's Fourth Amended Complaint:

### ANSWER TO FOURTH AMENDED COMPLAINT

### JURISDICTION/VENUE

1. Defendant Donath denies the allegations in paragraph 1 of the Fourth Amended Complaint.

2. Defendant Donath denies the allegations in paragraph 2 of the Fourth Amended Complaint.

3. Defendant Donath denies the allegations in paragraph 3 of the Fourth Amended Complaint.

### PARTIES

*Xie v. Sklover & Company, LLC, et al.*
Defendant Sheree Donath's Answer to Plaintiff's Fourth Amended Complaint with Cross Claims Against Alan Sklover and Sklover & Company, LLC
Page 2

1. Defendant Donath admits that Plaintiff is a natural person but lacks sufficient knowledge or information to form a belief about the remainder of allegations on page 2, paragraph 1 of the Fourth Amended Complaint.

2. Defendant Donath admits the allegation on page 2, paragraph 2 of the Fourth Amended Complaint.

3. Defendant Donath admits the allegations on page 2, paragraph 3 of the Fourth Amended Complaint.

4. Defendant Donath denies that she was a formal member of Cory Rosenbaum, PC, but otherwise admits the allegations on page 2, paragraph 4 of the Fourth Amended Complaint.

5. Defendant Donath lacks sufficient knowledge or information to form a belief about the truth of the allegations on page 2, paragraph 5 of the Fourth Amended Complaint.

6. Defendant Donath admits that Donath Law, LLC is a law firm with its principal place of business in New York, but otherwise denies the allegations on page 2, paragraph 6 of the Fourth Amended Complaint.

## UNDERLYING CLAIMS

7. Defendant Donath admits that Plaintiff engaged Sklover & Donath, LLC but otherwise denies the allegations in paragraph 7 of the Fourth Amended Complaint.

8. Defendant Donath admits that there were communications between Sklover & Donath, LLC and Fannie Mae but otherwise denies the allegations in paragraph 8 of the Fourth Amended Complaint.

*Xie v. Sklover & Company, LLC, et al.*
Defendant Sheree Donath's Answer to Plaintiff's Fourth Amended Complaint with Cross Claims Against Alan Sklover and Sklover & Company, LLC
Page 3

9. Defendant Donath admits that she assisted in preparing a Charge of Discrimination to be filed with the EEOC, that she notarized the Charge of Discrimination on April 25, 2012, and sent a copy to Fannie Mae but otherwise denies the allegations in paragraph 9 of the Fourth Amended Complaint.

10. Defendant Donath lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the Fourth Amended Complaint.

11. Defendant Donath admits that Ms. Xie made payment to Sklover & Donath, LLC for work performed, but otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 11 of the Fourth Amended Complaint.

12. Defendant admits that she left Sklover & Donath, LLC in March 2013; that she began to work for Cory Rosenbaum, PC in November 2013; that she did not work from March until November 2013; that Sklover & Donath, LLC was dissolved in March 2013; and that Alan Sklover began Sklover & Company, LLC but otherwise denies the allegations in paragraph 12 of the Fourth Amended Complaint.

13. Defendant Donath admits that she did not personally notify Plaintiff or the EEOC or DC OHR as to her change of law firms but otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of the Fourth Amended Complaint.

14. Defendant Donath lacks sufficient information or knowledge to form a belief as to the allegations in paragraph 14 of the Fourth Amended Complaint.

*Xie v. Sklover & Company, LLC, et al.*
Defendant Sheree Donath's Answer to Plaintiff's Fourth Amended Complaint with Cross Claims Against Alan Sklover and Sklover & Company, LLC
Page 4

15. Paragraph 15 of the Fourth Amended Complaint contains legal argument and conclusions to which no response is required but to the extent any response is required it is denied.

16. Defendant Donath denies the allegations in paragraph 16 of the Fourth Amended Complaint

17. Defendant Donath denies the allegations in paragraph 17 of the Fourth Amended Complaint.

18. Defendant Donath admits that Plaintiff received a Statement of Client's Rights but otherwise denies the allegations in paragraph 18 of the Fourth Amended Complaint.

19. Defendant Donath denies the allegations contained in paragraph 19 of the Fourth Amended Complaint.

20. Defendant Donath admits that she did not have any knowledge of the Right to Sue letter being issued, did not receive a copy of the Right to Sue letter, was not contacted by Plaintiff and was not working with Alan Sklover or Sklover & Company, LLC in November 2013, but otherwise lacks sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 20 of the Fourth Amended Complaint.

21. Defendant Donath denies the allegations in paragraph 21 of the Fourth Amended Complaint.

22. Paragraph 22 of the Fourth Amended Complaint contains legal argument and conclusions to which no response is required but to the extent any response is required it is denied.

*Xie v. Sklover & Company, LLC, et al.*
Defendant Sheree Donath's Answer to Plaintiff's Fourth Amended Complaint with Cross Claims Against Alan Sklover and Sklover & Company, LLC
Page 5

23. Defendant Donath lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 of the Fourth Amended Complaint.

24. Defendant Donath lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 of the Fourth Amended Complaint.

25. Defendant Donath lacks sufficient knowledge or information to form a belief as the truth of the allegations in paragraph 25 of the Fourth Amended Complaint.

26. Defendant Donath lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 of the Fourth Amended Complaint.

27. Defendant Donath lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 of the Fourth Amended Complaint.

28. The allegations in paragraph 28 of the Fourth Amended Complaint consist of argument and conclusions of law to which no response is required but to the extent any response is required, Defendant Donath denies the allegations in paragraph 28 of the Fourth Amended Complaint.

29. Defendant Donath admits that she started her own law firm of Donath Law, LLC in March 2016 but otherwise denies the allegations in paragraph 29 of the Fourth Amended Complaint.

## LITIGATION OF UNDERLYING CLAIMS

30. Defendant Donath lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 of the Fourth Amended Complaint.

*Xie v. Sklover & Company, LLC, et al.*
Defendant Sheree Donath's Answer to Plaintiff's Fourth Amended Complaint with Cross Claims Against Alan Sklover and Sklover & Company, LLC
Page 6

31. Defendant Donath lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 of the Fourth Amended Complaint.

32. Defendant Donath lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32 of the Fourth Amended Complaint.

33. Defendant Donath lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 of the Fourth Amended Complaint.

34. Defendant Donath lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 of the Fourth Amended Complaint.

35. Defendant Donath lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35 of the Fourth Amended Complaint.

36. Defendant Donath lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36 of the Fourth Amended Complaint.

37. Defendant Donath lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37 of the Fourth Amended Complaint as there is no Exhibit 1 or Exhibit 2 to the Fourth Amended Complaint.

## COUNT I: LEGAL MALPRACTICE (Loss of Claims)

38. As to paragraph 38 of the Fourth Amended Complaint, Defendant Donath repeats and restates her answers to Paragraphs 1-32 as if fully set forth herein and asserts that the remainder of the allegations consist of argument and conclusions of law to which no response is required.

*Xie v. Sklover & Company, LLC, et al.*
Defendant Sheree Donath's Answer to Plaintiff's Fourth Amended Complaint with Cross Claims Against Alan Sklover and Sklover & Company, LLC
Page 7

39. Defendant Donath denies the allegations in paragraph 39 of the Fourth Amended Complaint.

40. Defendant Donath denies the allegations in paragraph 40 of the Fourth Amended Complaint.

41. Defendant Donath denies the allegations in paragraph 41 of the Fourth Amended Complaint.

42. Defendant Donath denies the allegations in paragraph 42 of the Fourth Amended Complaint.

## COUNT II: LEGAL MALPRACTICE (Impairment in Value)

43. As to paragraph 43 of the Fourth Amended Complaint, Defendant Donath repeats and restates her answers to Paragraphs 1-37 above as if fully set forth herein and otherwise denies the allegations therein.

44. Defendant Donath denies the allegations in paragraph 44 of the Fourth Amended Complaint.

45. Defendant Donath denies the allegations in paragraph 45 of the Fourth Amended Complaint.

## COUNT III: BREACH OF CONTRACT

46. As to paragraph 46 of the Fourth Amended Complaint, Defendant Donath repeats and restates her answers to Paragraphs 1-30 above as if fully set forth herein and admits that Plaintiff entered into a retainer agreement with Sklover & Donath, LLC but otherwise denies the remainder of the allegations in paragraph 46 of the Fourth Amended Complaint.

*Xie v. Sklover & Company, LLC, et al.*
Defendant Sheree Donath's Answer to Plaintiff's Fourth Amended Complaint with Cross Claims Against Alan Sklover and Sklover & Company, LLC
Page 8

47. Defendant Donath denies the allegations in paragraph 47 of the Fourth Amended Complaint.

### COUNT III: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (sic)

48. As to paragraph 48 of the Fourth Amended Complaint, Defendant Donath repeats and restates her answers to Paragraph 1-42 above as if fully set forth herein and denies the remainder of the allegations therein.

49. The allegations contained in paragraph 49 of the Fourth Amended Complaint consist of argument and conclusions of law to which no response is required but to the extent any response is required, the allegations therein are denied.

50. The allegations in paragraph 50 of the Fourth Amended Complaint consist of argument and conclusions of law to which no response is required but to the extent any response is required, the allegations therein are denied.

51. Defendant Donath denies the allegations in paragraph 51 of the Fourth Amended Complaint.

### COUNT IV: BREACH OF FIDUCIARY DUTY

52. As to paragraph 52 of the Fourth Amended Complaint, Defendant Donath repeats and restates her answers to Paragraph 1-46 above as if fully set forth herein and denies the remainder of the allegations therein.

*Xie v. Sklover & Company, LLC, et al.*
Defendant Sheree Donath's Answer to Plaintiff's Fourth Amended Complaint with Cross Claims Against Alan Sklover and Sklover & Company, LLC
Page 9

53. The allegations contained in paragraph 53 of the Fourth Amended Complaint consist of argument and conclusions of law to which no response is required but to the extent any response is required, Defendant Donath denies the allegations therein.

54. Defendant Donath denies the allegations in paragraph 54 of the Fourth Amended Complaint.

55. The allegations in paragraph 55 of the Fourth Amended Complaint consist of argument and conclusions of law to which no response is required but to the extent any response is required, Defendant Donath denies the allegations therein.

56. Defendant Donath denies the allegations in paragraph 56 of the Fourth Amended Complaint.

## AFFIRMATIVE DEFENSES

1. The Fourth Amended Complaint fails to state a claim upon which relief may be granted;

2. Plaintiff has not suffered damages caused by Defendant Donath and/or has failed to mitigate her damages, if any;

3. Plaintiff sustained no injury;

4. Plaintiff assumed the risk of injury when she undertook to represent and pursue claims on her own behalf;

5. Plaintiff's Fourth Amended Complaint is barred by reason of waiver, estoppel, laches and Plaintiff's unclean hands;

6. Plaintiff's claims are barred by her contributory negligence;

*Xie v. Sklover & Company, LLC, et al.*
Defendant Sheree Donath's Answer to Plaintiff's Fourth Amended Complaint with Cross Claims Against Alan Sklover and Sklover & Company, LLC
Page 10

7. Plaintiff's claims are barred by the Statute of Limitations;

8. All or some of Plaintiff's claims may be precluded or prohibited by release, accord, and/or satisfaction of her injuries;

9. Plaintiff's injuries, if any, were due to the unilateral acts or omissions of independent third parties;

10. The damages, if any, were caused by the superseding and/or intervening causes for which the Defendant has no liability;

11. Plaintiff's claims may be barred by arbitration and award; and

12. Defendant Donath hereby reserves the right to add, supplement, modify, change or amend any and all of her Affirmative Defenses as the facts and circumstances become known through further discovery and/or investigation.

### III. CROSS CLAIMS AGAINST ALAN SKLOVER & SKLOVER & COMPANY, LLC

BACKGROUND FACTS

1. Alan Sklover was the senior member of Sklover & Donath, LLC.

2. Alan Sklover was involved in all client matters at Sklover & Donath, LLC and had final decision-making authority on all matters.

3. On January 23, 2013, Sheree Donath took a maternity leave of absence from Sklover & Donath, LLC. After that date, Sheree Donath did not perform any legal services for Sklover & Donath, LLC.

*Xie v. Sklover & Company, LLC, et al.*
Defendant Sheree Donath's Answer to Plaintiff's Fourth Amended Complaint with Cross Claims Against Alan Sklover and Sklover & Company, LLC
Page 11

4. On March 8, 2013, Sheree Donath formally left Sklover & Donath, LLC to stay home to care for her child.

5. On March 8, 2013, Alan Sklover advised Sheree Donath that he would take care of the details to dissolve the partnership. Defendant Donath relied on Sklover's assurances regarding dissolution of the partnership and took no action to dissolve same.

6. Sheree Donath's remote computer access to client files and information was immediately disabled by Sklover.

7. Sheree Donath did not have access to the client names, addresses, email addresses or telephone numbers once her remote access was disabled.

8. There was an understanding that Sklover would advise clients of Donath's departure.

9. By March 15, 2013, the office manager for Sklover changed her e-mail signature line to reflect "Sklover & Company, LLC" rather than Sklover & Donath, LLC.

10. On April 1, 2013, Alan Sklover notified Sheree Donath that "Sklover & Donath, LLC" was dissolved as of March 8, 2013, that the firm name was changed and actions were being taken associated with the partnership dissolution.

11. On or about October 27, 2013, Sheree Donath notified Alan Sklover that he was still holding Ms. Donath out to be a partner of the law firm on his website and Sheree Donath requested that he immediately cease using her name and image.

12. Sheree Donath received no compensation, payments, salary, or otherwise starting in or about February 2013.

*Xie v. Sklover & Company, LLC, et al.*
Defendant Sheree Donath's Answer to Plaintiff's Fourth Amended Complaint with Cross Claims Against Alan Sklover and Sklover & Company, LLC
Page 12

13. Upon information and belief, Alan Sklover and his new law firm, Sklover & Company, LLC (collectively "Sklover") failed to disable Sheree Donath's email address or put an out of office message on same, but instead had the email forwarded to his email address.

14. Upon information and belief, Sklover failed to send out any notification to the Plaintiff regarding Sheree Donath's departure.

15. Upon information and belief, Sklover failed to notify other persons involved in Plaintiff's case about Sheree Donath's departure.

16. Upon information and belief, Sklover held Sheree Donath out as an attorney at the law firm after she was no longer present or performing any work for the firm.

17. Upon information and belief, Sklover directed the office staff and others at the firm not to state that Sheree Donath was no longer at the firm when inquiries were made.

**CROSS CLAIM I AGAINST SKLOVER: INDEMNIFICATION**

18. Paragraphs 1-17 of this Cross Claim are realleged and reinstated herein and incorporated as if fully set forth herein.

19. Plaintiff alleges that she was not notified of Ms. Donath's departure, that she was not adequately informed regarding the Right to Sue letter, and that certain claims were not preserved or protected, all of which occurred either after Donath's departure or while under the direction, control and responsibility of Sklover.

20. If and to the extent that Donath is found liable to the Plaintiff, that liability should be borne in whole or part by Sklover and Sklover & Company, LLC, by way of indemnity or contribution, as a result of his acts or omissions.

*Xie v. Sklover & Company, LLC, et al.*
Defendant Sheree Donath's Answer to Plaintiff's Fourth Amended Complaint with Cross Claims Against Alan Sklover and Sklover & Company, LLC
Page 13

21.     Sklover & Donath, LLC was dissolved on March 8, 2013 more than eight months before Plaintiff alleges a Right to Sue letter was issued to Sklover and approximately a year before the alleged malpractice occurred.

22.     Sheree Donath was not informed of any communication or attempted communications by Plaintiff to Sheree Donath and did not receive any communication from any government agency.

23.     Plaintiff made no attempt to contact Sheree Donath other than through Sklover, if at all.

24.     If and to the extent that Sheree Donath is found to be liable to Plaintiff, then Sklover should be adjudged liable to Donath for all or part of the judgment against Donath.

25.     Donath also seeks a judgment against Sklover for the investigation, expenses, attorneys' fees and costs that have been or will be incurred by Donath in this action, as well as such other further relief as this Court deems proper.

## CROSS- CLAIM II AGAINST SKLOVER: CONTRIBUTION

26.     Paragraphs 1-25 of this Cross Claim are realleged and reinstated and incorporated as if fully set forth herein.

27.     If and to the extent that Plaintiff is awarded damages against Donath and the Court fails to award Donath damages as requested in Cross-Claim I Against Sklover, then as a joint tortfeasor, such damages should be borne in part by Defendant Sklover.

28.     If Sheree Donath is found to be liable to Plaintiff, then Sklover should be required to make contribution for his *pro rata* share of such judgment.

*Xie v. Sklover & Company, LLC, et al.*
Defendant Sheree Donath's Answer to Plaintiff's Fourth Amended Complaint with Cross Claims Against Alan Sklover and Sklover & Company, LLC
Page 14

29. Donath also seeks as damages against Sklover for investigation, attorneys' fees and costs that have been or will be incurred by Donath in this action, as well as such other further relief as this Court deems proper.

### CROSS- CLAIM III AGAINST SKLOVER: BREACH OF CONTRACT

30. Paragraphs 1-29 of this Cross Claim are realleged and reinstated and incorporated as if fully set forth herein.

31. As a part of the dissolution of the partnership, Sklover agreed to indemnify Sheree Donath from malpractice actions.

32. Sklover failed to notify Sheree Donath about the initiation of this action.

33. Upon information and belief, Sklover failed to notify his professional liability malpractice insurer of this action.

34. Sklover has failed and refused to pay Sheree Donath's attorneys' fees.

35. As a part of the dissolution of the partnership, Sklover agreed to assume all responsibility for the cases and clients represented by Donath and to notify clients that he was assuming responsibility for their cases.

36. Sklover failed to notify Plaintiff of Donath's withdrawal from the partnership and that he was assuming sole responsibility for Plaintiff's representation.

37. For the reasons stated above, Donath seeks judgment against Sklover for breach of agreement, including all damages obtained by Plaintiff and the costs and expenses incurred by Donath for the investigation, attorneys' fees and costs that have been or will be incurred in this action, as well as such other further relief as this Court deems proper.

*Xie v. Sklover & Company, LLC, et al.*
Defendant Sheree Donath's Answer to Plaintiff's Fourth Amended Complaint with Cross Claims Against Alan Sklover and Sklover & Company, LLC
Page 15

## PRAYER FOR RELIEF

Having completely and fully provided her Answer to the Fourth Amended Complaint, Defendant Sheree Donath also denies Plaintiff's Prayer for Relief.

WHEREFORE, Defendant prays for relief as follows:

(a)     That the Fourth Amended Complaint against Defendant Sheree Donath be dismissed with prejudice;

(b)     That judgment be entered for Defendant Sheree Donath against Sklover for any amount awarded to Plaintiff against Donath and for the damages sustained by Donath for reasons set forth in the Cross Claim; and

(c)     Defendant Sheree Donath be awarded such other and further relief as this Court deems just and equitable.

Wherefore, the Defendant, Sheree Donath, respectfully requests that judgment be entered in her favor on the Fourth Amended Complaint.

Respectfully submitted,

SASSCER, CLAGETT & BUCHER

by:     /s/ Phillip R. Zuber
Phillip R. Zuber, Esquire, #03501
5407 Water Street, Suite 101
Upper Marlboro, Maryland 20772
(301) 627-5500 / (301) 627-4156 fax
pzuber@scblawyers.com
*Counsel for Defendant Sheree Donath*

*Xie v. Sklover & Company, LLC, et al.*
Defendant Sheree Donath's Answer to Plaintiff's Fourth Amended Complaint with Cross Claims Against Alan Sklover and Sklover & Company, LLC
Page 16

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of June 2017, a copy of the foregoing <u>Defendant Sheree Donath's Answer to Plaintiff's Fourth Amended Complaint with Cross Claims Against Alan Sklover and Sklover & Company, LLC</u> was electronically filed and sent via U.S. mail, postage prepaid, to:

Ms. Agnes Xie
45706 Winding Branch Ter.
Sterling, VA 20166
*Pro Se Plaintiff*

Caroline E. Costle, Esquire
Greenberg Costle, P.C.
8027 Leesburg Pike, Suite 302
Tysons Corner, VA 22182
*Counsel for Sklover & Company, LLC and Alan Sklover*

                                              /s/ Phillip R. Zuber
                                            Phillip R. Zuber, Esquire, #03501